# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 21-64-GF-BMM-JTJ |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| GLOYDEAN LEE RIDER, | |
| Defendant. | |

## I.  Synopsis

Defendant Gloydean Lee Rider (Rider) has been accused of violating the conditions of her supervised release.  Rider admitted all of the alleged violations.  Rider's supervised release should be revoked.  Rider should be placed in custody for 10 months, with no supervised release to follow.  Rider should serve her term of custody in a federal medical facility.

## II.  Status

Rider pleaded guilty to Assault Resulting in Serious Bodily Injury on January 4, 2022.  (Doc. 29).  The Court sentenced Rider to a custodial term of time served, followed by 3 years of supervised release.  (Doc. 42).  Rider's current term of supervised release began on September 22, 2023.  (Doc. 60 at 2).

**Petition**

The United States Probation Office filed a Petition requesting that the Court revoke Rider's supervised release on November 20, 2023. (Doc. 60). The Petition alleged that Rider violated the conditions of her supervised release: 1) by using methamphetamine; 2) by failing to maintain full-time employment; 3) by consuming alcohol on two separate occasions; and 4) by failing to notify her probation officer of a change in residence on two separate occasions.

**Initial appearance**

Rider appeared before the undersigned for her initial appearance on December 11, 2023. Rider was represented by counsel. Rider stated that she had read the petition and that she understood the allegations. Rider waived her right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on December 11, 2023, and on December 13, 2013. Rider admitted that she had violated the conditions of her supervised release: 1) by using methamphetamine; 2) by failing to maintain full-time employment; 3) by consuming alcohol on two separate occasions; and 4) by failing to notify her probation officer of a change in residence on two separate

2

occasions.  The violations are serious and warrant revocation of Rider's supervised release.

Rider's violations are Grade C violations.  Rider's criminal history category is I.  Rider's underlying offense is a Class C felony.  Rider could be incarcerated for up to 24 months.  Rider could be ordered to remain on supervised release for up to 21 months, less any custody time imposed.  The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III.  Analysis

Rider's supervised release should be revoked.  Rider should be incarcerated for 10 months, with no supervised release to follow.  This sentence is sufficient but not greater than necessary.  Rider should serve her term of custody in a federal medical facility.

### IV.  Conclusion

The Court informed Rider that the above sentence would be recommended to Chief United States District Judge Brian Morris.  The Court also informed Rider of her right to object to these Findings and Recommendations within 14 days of their issuance.  The Court explained to Rider that Judge Morris would consider a timely objection before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose.  Rider stated that she

3

wished to waive her right to object to these Findings and Recommendations, and that she wished to waive her right to allocute before Judge Morris.

The Court **FINDS:**

> Gloydean Lee Rider violated the conditions of her supervised release: by using methamphetamine; by failing to maintain full-time employment; by consuming alcohol on two separate occasions; and by failing to notify her probation officer of a change in residence on two separate occasions.

The Court **RECOMMENDS:**

> The District Court should revoke Rider's supervised release and commit Rider to the custody of the United States Bureau of Prisons for 10 months, with no supervised release to follow. Rider should serve her term of custody in a federal medical facility.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and

may waive the right to appear and allocute before a district court judge.

DATED this 18th day of December, 2023.


John Johnston
United States Magistrate Judge